IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY AGUERO, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. H-17-1612 |
| TRANSPORTATION OFFICERS, et al., | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Anthony Aguero, federal inmate #46232-177, filed an amended *pro se* complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Docket Entry No. 7.) He names as defendant Gary Blankinship in his capacity as U.S. Marshall for the Southern District of Texas.

Having considered the complaint, matters of record, and the applicable law, the Court **DISMISSES** this lawsuit for the reasons that follow.

**I. Background and Claims**

Plaintiff states that on February 13, 2017, he was transferred from the Texas Department of Criminal Justice ("TDCJ") in Huntsville, Texas, to the GEO detention center in Conroe, Texas, in order to commence serving his federal sentence.[1] The transfer was effectuated by four GEO officers. Plaintiff alleges that the transfer was ordered by the U.S.

---

[1] Plaintiff appears to be referring to the Joe Corley Detention Facility in Conroe, Texas.

Marshal's Service in Houston, Texas ("USMS"), which is headed by defendant Gary Blankinship. According to plaintiff, this meant that the GEO officers were acting under color of federal law.

Plaintiff complains that, during the transfer, the GEO officers shackled and cuffed him and walked with him down a ramp. He argues that the GEO officers failed to comply with TDCJ regulations requiring restrained inmates to be escorted by two officers holding the inmate's arms. Plaintiff's arms were not held and he fell on the ramp. He was placed on the GEO transport bus and transferred to the federal GEO facility in Conroe, where he was examined by medical staff. Later that day, he was restrained and escorted to a mental health evaluation by two officers who held his arms. At the end of the evaluation, he rose from his chair but his leg chain became tangled on the chair and he fell, hitting his head on the cinder block wall. At an undisclosed later date, plaintiff was transported to his current facility, USP McCreary in Kentucky. Plaintiff states that at all times after his first fall, officers escorted him by holding his arms.

Plaintiff sues Gary Blankinship for monetary damages in his official capacity as "head" of the USMS in Houston. He claims that the GEO officers were acting under Blankinship's orders and under color of federal law.

## II. Analysis

A. <u>U.S. Marshal's Service</u>

Plaintiff sues Gary Blankinship in his official capacity as head of the USMS in Houston.[2] Suits against government officers in their official capacities are considered to be suits against the government itself. *Kentucky v. Graham*, 473 U.S. 159 (1985). Consequently, plaintiff has sued the USMS. The USMS, however, is immune from suit.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471 (1994). Sovereign immunity is jurisdictional in nature, *id.*, and waiver of traditional sovereign immunity cannot be implied but must be unequivocally expressed. *United States v. Testan*, 424 U.S. 392 (1976). Plaintiff has not alleged, and the Court is not aware, that the USMS has waived its sovereign immunity via any statute or through any other means. Consequently, plaintiff's claims against the USMS for monetary compensation are barred by sovereign immunity.

Alternatively, even if the USMS were not protected by sovereign immunity, a *Bivens* action may not be brought against a federal agency. *Meyer*, 510 U.S. at 486; *see also Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

Plaintiff's claims against the USMS are barred by sovereign immunity and must be dismissed with prejudice.

---

[2]Plaintiff alleges no facts establishing that Gary Blankinship had any personal involvement in plaintiff's two falls made the basis of this lawsuit, and he pleads no facts giving rise to a claim against Blankinship in his individual capacity.

3

B. <u>GEO Group</u>

The Joe Corley Detention Facility in Conroe, Texas is managed by GEO Group which is a private corporation, and acts on the federal government's behalf in providing housing, maintenance, security, and transportation for federal prisoners. *See Vargas v. Joe Corley Detention Facility*, 2012 WL 6042201 (S.D. Tex. Dec. 4, 2012). Section 1331 invests a federal court with jurisdiction to decide cases involving federal questions. In *Bivens*, the Supreme Court held that a civil rights action may be brought pursuant to section 1331 against federal government agents or employees for violation of federal or constitutional rights. However, in *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66–69 (2001), the Supreme Court held there is no private right of action pursuant to *Bivens* for damages against a private corporation for alleged constitutional deprivations while managing a federal prison pursuant to a contract with the federal government and acting under color of federal law. Therefore, plaintiff has no viable claim against GEO Group under *Bivens*.

In *Minneci v. Pollard*, 565 U.S. 118 (2012), the Supreme Court further held that a prisoner could not assert a *Bivens* claim against the employees of a private corporation responsible for managing a federal prison and acting on behalf of the federal government. Therefore, plaintiff has no viable *Bivens* claim against the GEO employees involved in his transport. *See Eltayib v. Cornell Companies, Inc.*, 533 F. App'x 414, 414–15 (5th Cir. 2013).

Regardless, plaintiff's allegations raise no issue of constitutional dimension for purposes of *Bivens*. Plaintiff claims that he fell while walking down the ramp because the officers failed to follow TDCJ regulations requiring officers to escort restrained inmates by holding their arms. The GEO officers were not TDCJ employees. Even if the GEO officers were required to follow TDCJ regulations while escorting a federal prisoner, it is well settled that failure to follow a prison regulation, without more, does not give rise to a constitutional violation. *Lewis v. Secretary of Public Safety and Corrections*, 870 F.3d 365, 369 (5th Cir. 2017). Moreover, plaintiff alleges no facts giving rise to a constitutional violation in claiming that his leg restraints caught on his chair, causing him to fall when he stood up.

Therefore, to the extent that plaintiff seeks monetary damages from the GEO Group or its officers, doing business as the Joe Corley Detention Facility, a privately operated federal prison, he fails to state a claim upon which relief may be granted under *Bivens*.

### III. Conclusion

For these reasons, this lawsuit is **DISMISSED WITH PREJUDICE** as barred by immunity and for failure to state a viable claim for which relief can be granted under *Bivens*.

Any and all pending motions are **DENIED AS MOOT**.

**SIGNED** at Houston, Texas on the _____ day of May, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE